UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN QUINTERO,<br><br>        Plaintiff,<br>v.<br>ROMEO ARANAS, *et al.*,<br><br>        Defendants. | Case No. 3:16-cv-00673-MMD-VPC<br><br>ORDER |

  This action is a pro se civil rights first amended complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff has submitted an application to proceed *in forma pauperis*. (ECF No. 1). Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

  The Court entered a screening order on November 13, 2017. (ECF No. 4). The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF No. 4, 13). The Office of the Attorney General has filed status reports indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. (ECF No. 17, 18).

  Prior to the order scheduling the inmate mediation, Plaintiff filed a motion for emergency injunction. (ECF No. 10.) Based on the motion, after Plaintiff transferred prisons, he did not receive his legal materials with sufficient time to consider whether he should opt out of the inmate early mediation. (*Id.* at 4.) Specifically, Plaintiff only had "an 18-day time period to consider opting out of the Early Inmate Mediation Program." (*Id.*)

The Court denies the motion for emergency injunction.[1] Plaintiff did not establish that he was likely to suffer irreparable harm by only having 18 days to decide if he should participate in the inmate early mediation.

The Court denies the motion for request of service on ECF No. 10 and 12, but grants Plaintiff's request for a copy of the docket sheet. (ECF No. 15).

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. Plaintiff will not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2). The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* will not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (John Quintero, #93782), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk of the Court will also send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

///

---

[1] Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

It is further ordered that the Clerk of the Court electronically serve a copy of this order and a copy of Plaintiff's first amended complaint (ECF No. 3, 3-1, 3-2) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

It is further ordered that service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

It is further ordered that, subject to the findings of the screening order (ECF No. 4), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

It is further ordered that, if service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

It is further ordered that, if the Attorney General accepts service of process for any named defendant(s), such defendant(s) must file and serve an answer or other response to the first amended complaint within sixty (60) days from the date of this order.

///

It is further ordered that, henceforth, Plaintiff must serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff must include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

It is further ordered that this case is no longer stayed.

It is further ordered that the motion for emergency injunction (ECF No. 10) is denied.

It is further ordered that the motion for request for service and copies (ECF No. 15) is denied in part and granted in part. The Clerk of the Court will send Plaintiff a copy of the docket sheet.

DATED THIS 20th day of February 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE