UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN QUINTERO, | Case No. 3:16-cv-00673-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| ROMEO ARANAN, *et al.,* | |
| Defendants. | |

Plaintiff has filed a motion for reconsideration on the Court's denial of his motion for emergency injunction. (ECF No. 20.) Plaintiff asks the Court to re-read his motion for emergency relief and reconsider. (*Id.* at 1.) Specifically, Plaintiff argues that the motion's "relief was not aiming at the *substance* of the complaint but at a consequence (subjectively perceived), illegally proceeding by the defendants about whom the plaintiff is filing the complaint (NDOC officials)." (*Id.*) The Court now considers the motion for reconsideration.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court has reread the motion for emergency injunction. As an initial matter, the motion is difficult for the Court to decipher. It appears that, when Plaintiff transferred prisons, prison officials did not transport all of Plaintiff's legal boxes to his new prison. (*See generally* ECF No. 10.) Plaintiff talked to several prison officials to express his concern and some of those prison officials stated that they would inform others of the situation. (*Id.*) Nonetheless, Plaintiff still does not have all of his legal boxes. (ECF No. 20 at 4.)

The Court denies the motion for reconsideration. The Court acknowledges that Plaintiff does not have all of his legal boxes at this time. However, it is unclear to the Court whether Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief regarding those boxes. As such, the Court grants Plaintiff leave to file another motion for injunctive relief to plead such harm.[1] If Plaintiff decides that he cannot demonstrate that he is likely to suffer irreparable harm for purposes of injunctive relief, he may choose to file a new 42 U.S.C. § 1983 civil rights lawsuit on the loss of his legal boxes.

For the foregoing reasons, it is ordered that the motion for reconsideration (ECF No. 20) is denied.

It is further ordered that the Clerk of the Court send Plaintiff a copy of his motion for emergency injunction (ECF No. 10).

DATED THIS 2nd day of March 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).