UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN QUINTERO,<br><br>　　　　　Plaintiff,<br>　v.<br>CONNIE BISBEE, *et al.,*<br>　　　　　Defendants. | Case No. 3:16-cv-00673-MMD-CBC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CARLA BALDWIN CARRY |

**I.　SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge Carla Baldwin Carry ("R&R") (ECF No. 42) recommending that Plaintiff's motion for leave to file a second amended complaint ("Motion") (ECF No. 21) be granted in part and denied in part. Plaintiff has timely objected (ECF No. 43) and Defendants have responded (ECF No. 44). For the reasons discussed below, the Court adopts the R&R in part and rejects it in part. The Court declines to adopt the recommendation to dismiss Counts III and V and adopts the recommendation to dismiss Counts VII and VIII. Accordingly, the following counts in the second amended complaint may proceed: (1) Count I against Defendants Wright, Foley, Gray, and Wood; (2) Count II against Defendant Bisbee; (3) Count III against Defendants Tristan, Dzurenda, and John or Jane Does; (4) Count IV against Defendants Prieto, Dzurenda, and John and/or Jane Does; (5) Count V against Defendants Dzurenda, Laxalt, Deal, Wood, and Wright and (6) Count VI against Defendants Bisbee and Gray.

**II.　RELEVANT BACKGROUND**

Plaintiff John Quintero is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"). Plaintiff asserts claims based on events that transpired while he was incarcerated at the Northern Nevada Correctional Center ("NNCC"). After screening

Plaintiff's first amended complaint, the Court permitted Plaintiff to proceed on the following counts: (1) Count I as it relates to as a procedural due process challenge to the state's parole system against Defendants Wright and Arruti; (2) Count II for Defendant Bisbee's violation of the rulemaking authority granted under NRS § 209.341; and (3) Count V as it relates to a First Amendment right to the free exercise of religion challenge to the STOP program against Defendants Laxalt, Bisbee, Gray, Prieto, and Foley. (ECF No. 4 at 4-9.) The Court further found that to the extent Plaintiff was attempting to allege a conspiracy claim in Count I, that claim was dismissed without prejudice because the allegations do not support such a claim. (*Id.* at 5.) The Court dismissed Counts III and VI with prejudice and Count IV without prejudice. (*Id.* at 9-10.)

Plaintiff subsequently filed his Motion, seeking leave to file a second amended complaint ("SAC").[1] (ECF No. 21.) The SAC adds five additional counts, removes some Defendants, and adds new Defendants. (*See generally* ECF No. 21-1.) Defendants oppose these additional counts.

### III. LEGAL STANDARDS

#### A. Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* In light of Plaintiff's objection to the R&R's dismissal of certain counts, the Court will conduct a *de novo* review as to these counts.

#### B. Amendment

The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). Nonetheless, courts may deny leave to amend if the amendment would

---

[1]Defendants opposed (ECF No. 32, 33) and Plaintiff replied (ECF No. 36).

be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). A proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Farina v. Compuware Corp.*, 256 F. Supp. 2d 1033, 1061 (9th Cir. 2003) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). "The standard of review is akin to that undertaken by a court in determining the sufficiency of a pleading challenged in a Rule 12(b)(6) motion to dismiss." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Where the complaint fails to "permit the court to infer more than the mere possibility of misconduct," the complaint has alleged—but not shown—that the pleader is entitled to relief. *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Mindful that "[t]he Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," the Court will view Plaintiff's SAC with the appropriate degree of leniency. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

## IV. DISCUSSION

The Magistrate Judge recommended allowing Plaintiff to proceed with Counts I, II, and IV as they are essentially the three counts that the survived screening. (ECF No. 42 at 4-6.) The Magistrate Judge further recommended allowing Plaintiff to proceed with Count VI.[2] (*Id.* at 9, 13.) But the Magistrate Judge recommended denying Plaintiff leave to amend to allege Counts III, V, VII, and VIII. (*Id.* at 6, 9-10, 12.) Plaintiff objects to these recommendations and asserts other objections to various statements in the R&R. The

---

[2]Plaintiff objects to the extent the R&R recommended denying leave to amend to assert Count VI. (ECF No. 43 at 2.) While the introductory paragraph of the R&R recommends that Plaintiff "be allowed to proceed on only Counts I, II and IV," the remainder of the R&R makes clear that the Magistrate Judge recommended granting leave to amend to assert Count VI. (*See* ECF No. 42 at 9, 13.) Accordingly, this portion of Plaintiff's objection is overruled.

1  Court will not address the latter objections because they do not affect the Court's decision
2  about whether to adopt the R&R.

3  **A.     Count III**

4  Plaintiff argues that the Magistrate Judge improperly construed Count III to allege
5  a conspiracy claim when the word "conspiracy" does not even appear in Count III. (ECF
6  No. 43 at 4.) The Court agrees in part with the Magistrate Judge's review of Count III.
7  While Plaintiff does not expressly allege a conspiracy, a liberal reading of the allegations
8  could lead one to conclude that Plaintiff is attempting to allege that Defendants Tristan,
9  Dzurenda, and John or Jane Doe engaged in a conspiracy to exclude certain activities
10 from consideration for parole eligibility.

11 Plaintiff alleges in Count III that administrative regulation ("AR") 801.01 violates the
12 establishment clause of the First Amendment. (*See* ECF No. 21-1 at 11 ("First
13 Amendment anti-establishment clause violated by AR 801.01 of NDOC and . . . by the
14 policy of parole commission's establishing practice of only recognizing validity of
15 801.01(2)(A) 'Core Programs' for purposes of parole consideration.").) The Court briefly
16 summarizes Plaintiff's allegations in support of Count III. NDOC provides several different
17 kinds of programs and classes for inmates, including "Core Programs" and "Activities."
18 (*See id.* at 60.) Core Programs include "substance abuse treatment programs,
19 educational/vocational programs, [and] Re-Entry and Evidence-Based behavioral
20 programs." (*Id.*) Activities include "support groups, volunteer sponsored groups . . . and
21 religious activities." (*Id.*) NDOC rewards participation in Core Programs by taking time off
22 an inmate's sentence, but AR 801.01(2)(c) "specifically excludes 'religious activities' from
23 being rewarded time off sentence."[3] (*Id.* at 11.) The individuals who prepare parole board
24 reports engage in a practice of excluding all Activities under AR 801.01(2)(C) from the
25 Initial Parole Board Assessment even though the Activities—like the Core Programs—

---

[3]AR 801 is titled "Correctional Programs/Classes/Activities" and is designed "to ensure NDOC is compliant with federal and state regulations and correctional best practices by establishing quality programs for general education, vocational education, training, rehabilitation and/or activities." (ECF No. 21-1 at 59.)

encourage moral correction. (*Id.*) Plaintiff was unable to present a parole board report that "showed a true 'totality of circumstances' to the [Parole] Board regarding the demonstration of likelihood of maintaining a law abiding life and fitness for parole" because of NDOC's practice of emphasizing and rewarding "secular therapeutic 'best practices.'" (*Id.*) "Because both 'activi[ti]es and 'evidence based programs' seek the final end of moral correction . . . the exclusive recognition of the latter for purposes of parole reports and parole eligibility determination has the proximate, indirect and constructive effect of discouraging religious activities . . . ." (*Id.* at 14.) Dzurenda approved AR 801, including AR 801.01(2)(A) which states that "the NDOC Core Programs are 'Evidence-Based Programs.'" (*Id.* at 13.) Defendant John or Jane Does who are the Quality Assurance Manager and Members of the Program Review Committee "have no valid rationale to exclude 'Activities' from being placed on parole board reports." (*Id.* at 14.) AR 801.04(2) requires certain activities to be included in the 2016 Parole Report but this policy was not implemented due to the omissions of certain individuals, including Defendant David Tristain. (*Id.* at 11.)

Liberally construed, Plaintiff essentially alleges that NDOC's practice of rewarding participation in Core Programs but not Activities (some of which may be religious in nature) violates the establishment clause of the First Amendment. The United States Supreme Court has held that inmates retain protections afforded by the First Amendment "including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The Supreme Court has also recognized that an inmate's "limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives–including deterrence of crime, rehabilitation of prisoners, and institutional security." *Id.* The Court finds that Plaintiff states a colorable claim for violation of the establishment clause of the First Amendment and will permit Plaintiff to proceed with Count III.

In sum, the Court rejects the R&R's recommendation to dismiss Count III. Plaintiff will be permitted to assert Count III for violation of his First Amendment right to exercise

5

of religion against Defendants Tristan, Dzurenda, and John or Jane Does[4] who are the Quality Assurance Manager and Members of the Program Review Committee.

### B. Count V

Count V alleges a substantive due process violation of Plaintiff's right to participate and prepare for the parole eligibility hearing "when the report making internal guidelines instruct NDOC parole report preparers to utilize pre-sentence reports as a static, unchangeable and unrebuttable factors, and to discourage inmate participation in various ways." (ECF No. 21-1 at 17.) The SAC identifies the ways in which participation is purportedly thwarted, including: (1) inmates lack access to procedural rules or guidelines governing how caseworkers prepare reports for the parole board, limiting inmates' ability to provide input and to grieve violations of the process; (2) AR 504.03(3) prohibits NDOC from entering inmate objections into the NOTIS computer system, the contents of which is hidden from inmates; (3) the Initial Classification Summary Sheet and Classification Instrument is then used automatically during all subsequent parole hearing reports made by caseworkers; and (4) certain Defendants have a "tacit agreement" to "utilize automatically the highly prejudicial and biased and unchallenged (see Count I) information into the Initial Classification Summary without immediate notice to the newly committed prisoner," such as Plaintiff when he was first committed. (ECF No. 21-1 at 17-18.) Plaintiff alleges that "but for defendants' omission the plaintiff was unable to show the Parole Commission evidence of future likelihood of success on parole." (*Id.* at 19.) Plaintiff alleges violations of the First, Eighth, and Fourteenth Amendments. (*Id.* at 20.) He names as Defendants the NDOC Director, the Offender Management Administrator,

///

///

---

[4] Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If the identity of the Doe Defendant(s) comes to light during discovery, Plaintiff may either move to substitute the true name of the Doe Defendant(s) or move to amend his Complaint to assert claims against the Doe Defendant(s) at that time.

the Attorney General, the Department of Public Safety, and the Parole and Probation Division.[5] (*Id.* at 17-19.)

The gist of Plaintiff's contention in Count V is that he has a due process right to impartial and proper consideration of his eligibility for parole. In his objection, Plaintiff asserts that "Count V is an elaboration of Count I." (ECF No. 43 at 7.) The Court agrees that Count V complains of the parole process which the Court already permitted Plaintiff to challenge in Count I. Accordingly, the Court will permit Plaintiff to proceed with a due process challenge to his right to be considered for parole similar to Count I.

The Court rejects the R&R's recommendation to dismiss Count V. Plaintiff will be permitted to assert Count V against Defendants Dzurenda, Laxalt, Deal, Wood, and Wright.

**C.    Count VII**

Plaintiff alleges that his First and Fourteenth Amendment rights were violated because of the Parole Board Executive Secretary and prison law librarian's refusal to provide him with access to documents and information stored on certain websites accessible to the public, including manuals and internal management guidelines. (ECF No. 21-1 at 23.) NDOC also refused to give him "access to legal materials held in storage" which meant Plaintiff "cannot color the claim with documentary evidence." (*Id.*)

The Magistrate Judge construes this claim as asserting a First Amendment access to the courts claim. (ECF No. 42 at 9-10.) The Court agrees with her recommendation and reasoning and will adopt her recommendation. However, because Plaintiff did not allege sufficient facts to state a claim, the Court will dismiss this claim without prejudice.

**D.    Count VIII**

Plaintiff alleges that the Parole Commissioners violated the Supreme Court decision of *Winnebago* requiring government to represent "only the commonwealth and

---

[5]Plaintiff did not identify particular individuals from these two latter organizations, but he did identify as Defendants Natalie Wood, chief of Parole and Probation, and James Wright, Direct of Department of Public Safety. (ECF No. 21-1 at 5.) Plaintiff also identifies the Director of Offender Management as Dwayne Deal. (*Id.* at 3.)

7

not private citizens" because of "the 'impact on the victim' clause in the parole board's mission statement." (ECF No. 21-1 at 24.) The Magistrate Judge surmised that Plaintiff is referring to *Deshaney v. Winnebago Cty. Dep't of Soc. Servs.,* 489 U.S. 189 (1989), and determined that *Winnebago* does not support Plaintiff's contention the Parole Board cannot consider the impact of the crime on victims. (ECF No. 42 at 11-12.) The Court accepts the Magistrate Judge's reasoning and recommendation.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Plaintiff's Motion or his objection.

It is therefore ordered that the Report and Recommendation of United States Magistrate Judge Carla Baldwin Carry (ECF No. 42) is adopted in part and rejected in part. The Court declines to adopt the recommendation to dismiss Counts III and V and adopts the recommendation to dismiss Counts VII and VIII.

It is further ordered that Plaintiff's motion for leave to amend (ECF No. 21) is granted in part and denied in part.

It is further ordered that the Clerk file Plaintiff's second amended complaint (ECF No. 21-1).

It is further ordered that the following counts in the second amended complaint may proceed: (1) Count I against Defendants Wright, Foley, Gray, and Wood; (2) Count II against Defendant Bisbee; (3) Count III against Defendants Tristan, Dzurenda, and John or Jane Does; (4) Count IV against Defendants Prieto, Dzurenda, and John and/or Jane Does; (5) Count V against Defendants Dzurenda, Laxalt, Deal, Wood, and Wright and (6) Count VI against Defendants Bisbee and Gray.

///

///

///

1    It is further ordered that Count VII is dismissed without prejudice and Count VIII is
2 dismissed with prejudice.
3    DATED THIS 7th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE