1
2
3
4                    UNITED STATES DISTRICT COURT
5                          DISTRICT OF NEVADA
6   JOHN QUINTERO,                           Case No. 3:16-CV-0673-MMD-CBC
7              Plaintiff,                         **ORDER**
8        v.
9   CONNIE BISBEE, et al.,
10             Defendants.
11   _____/

12        Before the court is defendants' motion for leave to file plaintiff's presentence

13   investigation report under seal in support of defendants' opposition to plaintiff's motion for

14   summary judgment (ECF No. 100).[1]

15        "Historically, courts have recognized a general right to inspect and copy public

16   records and documents, including judicial records and documents." *See Kamakana v.*

17   *City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation

18   marks and citation omitted). "'Throughout our history, the open courtroom has been a

19   fundamental feature of the American judicial system. Basic principles have emerged to

20   guide judicial discretion respecting public access to judicial proceedings. These principles

21   apply as well to the determination of whether to permit access to information contained in

22   court documents because court records often provide important, sometimes the only,

23   bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025

24   (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165,

25   1177 (6th Cir. 1983)).

26        Documents that have been traditionally kept secret, including grand jury transcripts

27

28        [1] Although the court has recommended that plaintiff's motion for summary
     judgment be denied as moot in a separate report and recommendation, the motion to seal
     remains at issue.

and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Court-D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *See Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon*, 435 U.S. at 598-99).

*Center for Auto Safety* described the good cause standard, on the other hand, as the exception to public access that had been applied to "sealed materials attached to a discovery motion unrelated to the merits of a case." *Id.* (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213-14 (9th Cir. 2002)). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party

or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (citing Fed. R. Civ. P. 26(c)).

The Ninth Circuit has clarified that the key in determining which standard to apply in assessing a motion for leave to file a document under seal is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Here, defendants seek to file exhibits under seal in connection with their opposition to plaintiff's motion for summary judgment (ECF No. 99) which is unquestionably "more than tangentially related to the merits of a case." Therefore, the compelling reasons standard applies.

This court, and others within the Ninth Circuit, require a "compelling reason" for sealing records. *Kamakana v. city and County of Honolulu*, 447 F.3d 1172, 1177-85 (9th Cir. 2006). In the instant case, the presentence investigation report contains confidential information concerning the plaintiff, as defined under NRS 176.156. Courts have consistently recognized the need to protect sensitive information in the PSIs is a compelling reason to seal those records. *See Bullock v. Baker,* Case No. 3:14-CV-0139-MMD-VPC, 2015 WL 5165864, at *2 (D. Nev. Sept. 3, 2015); *Bousley v. Neven*, Case No. 2:11-CV-1751-GMN-GWF, 2012 WL 1155735, at *1 (D. Nev. April 6, 2012); *Colato v. Le Grand*, Case No. 3:10-Cv-0470-RCJ-VPC, 2011 WL 2651571, at *1 (D. Nev. July 5, 2011). Defendants have made an adequate showing of compelling reasons to file the presentence report under seal. The potential harm to the parties' interests outweighs the public's right to access to plaintiff's presentence report.

Therefore, defendants' motion to seal (ECF No. 100) is **GRANTED**. The presentence report was filed and shall remain under seal (ECF No. 101).

**IT IS SO ORDERED.**

DATED: July 25, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

- 3 -