UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN QUINTERO, | Case No. 3:16-cv-00673-MMD-CBC |
| Plaintiff, | ORDER |
| v. | |
| CONNIE BISBEE, *et al.*, | |
| Defendants. | |

## I.    INTRODUCTION

*Pro se* Plaintiff John Quintero, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), alleges violations of his constitutional rights under 42 U.S.C. § 1983 against correctional facility and parole board employees and officials generally arising from a parole board's decision to deny him parole. Before the Court are two Reports and Recommendations ("R&Rs" or "Recommendations") of United States Magistrate Judge Carla B. Carry (ECF Nos. 114 ("First R&R"), 116 ("Second R&R)). Plaintiff filed an objection to Judge Carry's Recommendations.[1] (ECF No. 117.) As further explained below, the Court will overrule Plaintiff's objection because the Court agrees with Judge Carry's analysis of the underlying motions, and will fully adopt the R&Rs, resolving this case in Defendants' favor.

## II.    BACKGROUND

The Court incorporates by reference Judge Carry's recitation of the factual background of this case (*see, e.g.*, ECF No. 116 at 1-2), and does not recite it here.[2] As

---

[1]The Court also reviewed Defendants' responses. (ECF Nos. 118, 121.)

[2]In both R&Rs Judge Carry refers to ECF No. 21 when she cites to Plaintiff's operative complaint, but the operative complaint is ECF No. 56. ECF No. 21 is Plaintiff's motion for leave to file an amended complaint. Having reviewed Plaintiff's operative

relevant to Plaintiff's objection, Judge Carry issued two R&Rs primarily directed at two underlying motions, which also denied, mostly as moot, a number of other pending motions, in light of her decision to recommend granting those two primary underlying motions. The First R&R focuses on a motion to dismiss filed by a group of Defendants that refer to themselves as the "Parole Board and DPS Defendants," consisting of Shawn Arruti, Connie Bisbee, Darla Foley, Ed Gray, Natalie Wood, and James Wright. (ECF No. 62 at 1; *see also* ECF No. 114.) The Second R&R focuses on a motion for summary judgment filed by a group of Defendants that refer to themselves as the "NDOC Defendants," consisting of Adam Laxalt, Joe Prieto, David Tristan, Dwayne Deal, and James Dzurenda. (ECF No. 77 at 1; *see also* ECF No. 116.)

### A.    Plaintiff's Claims

Following screening and motion practice on Plaintiff's motion to amend his complaint, the Court allowed six of Plaintiff's claims to proceed. (ECF Nos. 4, 42, 55, 56 (the "Complaint").) The Court briefly describes those claims here.

Three of the six claims are due process claims. Count I and Count V both challenge Plaintiff's inability to contest the factual content of a presentence investigation report ("PSI") prepared before sentencing in Plaintiff's underlying criminal case during the parole process, which the parole board partially relied on in denying parole to Plaintiff. (ECF Nos. 4 at 4-5, 42 at 4-5, 55 at 8.) Count I is a procedural due process challenge, and Count V is a substantive due process challenge. (ECF Nos. 42 at 4-5, 6-9, 55 at 6.) Count VI asserts that Defendants Bisbee and Gray violated Plaintiff's Fourteenth Amendment due process rights by using an "increasingly more serious aggravator [meaning a reason for denying parole that Plaintiff's crimes became increasingly more serious over time] resulting in the denial of Plaintiff's parole." (ECF No. 42 at 9 (internal quotation marks omitted).)

complaint in detail, the Court construes Judge Carry's references to ECF No. 21 as references to ECF No. 56.

One of Plaintiff's claims is a state law claim. In Count II, Plaintiff alleges that Defendant Parole Commissioner Bisbee created an administrative regulation, NAC § 213.516, which exceeded the scope of her rulemaking authority under NRS § 209.341. (ECF No. 56 at 10.) NAC § 213.516 provides that the parole board will begin making its determination as to whether someone is entitled to parole using a matrix that considers both the severity level assigned to the crime pursuant to NAC § 213.512 and the incarcerated person's likelihood of re-offense determined pursuant to NAC § 213.514. *See* NAC § 213.516.

Plaintiff's two other claims are First Amendment challenges to the factors NDOC considers when making parole decisions. Count III alleges a First Amendment establishment clause violation—that the administrative regulations governing NDOC's parole decisions effectively prioritize secular programming over religious programming, and thus discourage incarcerated people from exercising their religion, because participation in programming that does not include religious services counts as a positive factor weighing in favor of an incarcerated person being released on parole. (ECF No. 42 at 5.) Count IV alleges a First Amendment free exercise clause violation focused on the NDOC's Sexual Treatment of Offenders in Prison ("STOP") program. (*Id.* at 6; *see also* ECF No. 4 at 8-9.) Plaintiff alleges that it is more likely he would have been granted parole if he had completed this program. (ECF No. 56 at 15-16.) However, Plaintiff refused to participate in it because he believes it is repugnant to his Catholic faith. (*Id.*) Plaintiff essentially explains that the STOP program requires participants to discuss their past sexual abuse of others in a group therapy session, whereas he understands confession to be a private exchange between one person and a priest. (*Id.*) Plaintiff therefore argues this program burdens his free exercise of Catholicism because he would have to participate in group therapy sessions to complete the program and receive the favorable consideration such completion would entail upon consideration for parole.[3] (*Id.*)

---

[3]As to both of these claims, Plaintiff expresses frustration that NDOC prioritizes evidence-based rehabilitative programming over religion, making the basically

### B. Judge Carry's R&Rs

As mentioned, Judge Carry's First R&R and Second R&R are very similar. They are structured in mostly the same way, and rely on overlapping legal reasoning to reach the ultimate recommendation that the Court should dismiss all of Plaintiff's claims or otherwise resolve this case by granting summary judgment in Defendants' favor.[4] The Court briefly summarizes the reasoning of Judge Carry's R&Rs below.

First, Judge Carry found that all of Plaintiff's claims are barred to the extent he seeks money damages resulting from his confinement by the doctrine expressed in *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny (the "*Heck* bar"). (ECF Nos. 114 at 3-5, 116 at 4-6.) She reached this conclusion because she found Plaintiff would obtain immediate or earlier release from confinement were he to succeed in obtaining the relief he seeks in this case—damages along with an injunction requiring a new parole hearing, and the imposition of new parole procedures on NDOC intended to make it more likely for Plaintiff to be released on parole. (ECF Nos. 114 at 4-5, 116 at 4-6.) Second, Judge Carry generally found that Plaintiff cannot state a claim for a due process violation because he cannot, as a matter of law, establish a protected liberty interest in parole under either federal or Nevada law. (ECF Nos. 114 at 5-6, 116 at 6-7.)

As to Plaintiff's First Amendment claims, Judge Carry found that the challenged practices did not constitute substantial burdens on the exercise of Plaintiff's religion sufficient to state a claim. (ECF Nos. 114 at 7-8,116 at 7-10.) In addition, as to Plaintiff's free exercise clause claim, Judge Carry found that the STOP program did not substantially

---

philosophical argument that science is just another type of religion—equally unbelievable to those, like him, who do not believe. (ECF No. 117 at 22-24.)

[4]Two sections of the First R&R are not mirrored in the Second R&R, because they both relate only to the Parole Board and DPS Defendants. Specifically, Judge Carry recommends dismissal of Plaintiff's claim that Defendant Bisbee exceeded her rulemaking authority in implementing NAC § 213.516 because Bisbee was explicitly given authority to implement NAC § 213.516 in NRS § 213.10855—not the inapplicable NRS § 209.341 upon which Plaintiff's claim is based. (ECF No. 114 at 6-7.) In addition, Judge Carry recommends dismissal of all Parole Board and DPS Defendants on the alternative basis they are entitled to quasi-judicial immunity because Plaintiff's allegations against them focus on his parole hearing and the decisions made at that hearing. (*Id.* at 8-9.)

burden the exercise of Plaintiff's religion because it is voluntary, nonreligious, and he was not denied parole because he declined to participate in it. (ECF No. 116 at 8.) Further, Judge Carry made the alternative finding that the STOP program was constitutionally permissible even if it substantially burdened Plaintiff's religious exercise because it had a rational connection to a legitimate penological interest—preventing recidivism in sex offenders. (*Id.* at 8-9.)

Finally, because there is no right to parole in Nevada, and therefore there could be no violation of Plaintiff's constitutional rights even if Plaintiff could establish all of his alleged violations, Judge Carry found that all Defendants are entitled to qualified immunity. (ECF Nos. 114 at 9-10, 116 at 10-11.) This finding provides an alternative basis for Judge Carry's recommendation that the Parole Board and DPS Defendants' motion to dismiss be granted, along with the NDOC Defendants' motion for summary judgment.

## III. LEGAL STANDARDS

### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because of Plaintiff's objection to the R&Rs, the Court has undertaken a *de novo* review of both R&Rs, including the underlying briefs relating to the two key pending motions.

### B. 12(b)(6) Motion to Dismiss Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

### C.    Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where

6

reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Following a *de novo* review of the R&Rs, relevant briefs, and other records in this case, the Court finds good cause to accept and adopt Judge Carry's R&Rs in full. The Court addresses below Plaintiff's objection after first addressing the preliminary matter of Plaintiff's unauthorized reply briefs.

### A. Plaintiff's Reply Briefs

Plaintiff has filed reply briefs (ECF Nos. 122, 123) where none are permitted without the Court's leave. *See* LR IB 3-2(a) ("Replies [in support of objections] will be allowed only

with leave of court."). Because Plaintiff filed replies in support of his objection in violation of LR IB 3-2(a), and the Court moreover finds these replies to be unnecessary given the opportunities Plaintiff has had to brief these issues, the Court will strike these reply briefs. (ECF Nos. 122, 123.) The Court advises Plaintiff to refrain from filing reply briefs where none are permitted by the Court's local rules.

## B. Plaintiff's Objection and the R&Rs

The majority of Plaintiff's arguments in his objection (ECF No. 117) are too frivolous to merit discussion here.[5] But the Court will briefly address Plaintiff's contention that Judge Carry improperly converted the Parole Board and DPS Defendants' motion to dismiss into a motion for summary judgment without first giving him the requisite notice. (*Id.* at 3-4.) The Court is unpersuaded Judge Carry impermissibly made such a conversion. The First R&R cites to Plaintiff's Complaint, appears to take the facts in it as true, and rests its recommendations on conclusions of law. (ECF No. 114.) Thus, it appears to the Court that Judge Carry treated the motion to dismiss under Rule 12(b)(6)'s standard and did not convert it into a motion for summary judgment. The Court also agrees with the Parole Board and DPS Defendants that Plaintiff is not prejudiced by dismissal here because discovery would not help him—his claims fail as a matter of law. (ECF No. 118 at 3.)

In general, the Court is persuaded to adopt Judge Carry's R&Rs because it agrees with her key decisions therein. First, Plaintiff's claims are *Heck*-barred to the extent he seeks damages or the remedy he seeks is based on seeking an earlier release from confinement in challenging the parole board's decisions.[6] (ECF Nos. 114 at 4-5, 116 at 5-

---

[5]For example, Plaintiff objects to the fact that Judge Carry's captions for both R&Rs are "Report and Recommendation of U.S. Magistrate Judge." (ECF No. 117 at 1-2.) He argues it would be clearer if the captions stated which motions each R&R was addressing. (*Id.*) But Plaintiff cites to no federal or local rule, or case law, to support his objection—because there is no such rule or law. There is nothing improper about the captions of the R&Rs.

[6]In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unlawfulness would render a conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

8

6.) Second, Plaintiff has no liberty interest in parole. (ECF Nos. 114 at 5-6, 116 at 6-7.) Third, none of the parole-related practices Plaintiff challenges in his First Amendment claims sufficiently burden his religious rights to violate his constitutional rights. (ECF Nos. 114 at 7-8, 116 at 7-10.) Fourth, and also because Plaintiff has no liberty interest in parole, Defendants are entitled to qualified immunity here because Plaintiff cannot establish a constitutional violation. (ECF Nos. 114 at 9-10, 116 at 10-11.)

In sum, the Court overrules Plaintiff's objection to both the First R&R and the Second R&R. The Court will therefore grant Defendants' dispositive motions, and deny the other pending motions, mostly as moot, and resolve this case in Defendants' favor.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Reports and Recommendations of Magistrate Judge Carla B. Carry (ECF Nos. 114, 116) are accepted and adopted in full.

It is further ordered that that Defendants' motion to dismiss (ECF No. 62) is granted as to all claims against Defendants Shawn Arruti, Connie Bisbee, Darla Foley, Ed Gray, Natalie Wood, and James Wright.

It is further ordered that Defendants' motion for summary judgment (ECF No. 77) is granted as to all claims against Defendants Adam Laxalt, Joe Prieto, David Tristan, Dwayne Deal, and James Dzurenda.

It is further ordered that Defendants Laxalt and Prieto's motions to extend time (ECF Nos. 89, 90) are granted *nunc pro tunc*.

---

determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. at 486-87 (footnote omitted). However, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (emphasis in original and footnotes omitted).

It is further ordered that Plaintiff's motion to strike (ECF No. 81), and Plaintiff's motion for leave to file supplemental evidence (ECF No. 98) are denied.

It is further ordered that Plaintiff's motion for a temporary restraining order (ECF No. 47), Plaintiff's motion for preliminary injunction (ECF No. 48), Plaintiff's motion requesting submission (ECF No. 58), Defendants' motion to stay discovery (ECF No. 64), Plaintiff's motion to strike (ECF No. 66), Plaintiff's motion seeking a protective order (ECF No. 74), Plaintiff's motion for partial summary judgment (ECF No. 84), and Plaintiff's motion to extend time (ECF No. 86) are all denied as moot.

The Clerk of Court is directed to strike Plaintiff's reply briefs (ECF Nos. 122, 123) filed in response to Defendants' responses to his objection to Judge Carry's R&Rs.

The Clerk of Court is further directed to enter judgment in accordance with this order, and in Defendants' favor, and close this case.

DATED THIS 10th day of September 2019.

_____

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE